THE STATE OF MISSOURI, Respondent, v. LANDON MOORE, Appellant.

Kansas City Court of Appeals, November 9, 1896.

Limitation: INDICTMENT: SELLING LIQUOR: EVIDENCE. An indictment for selling liquor in order to save the charge from the bar of the statute of limitations charged that a former indictment had been found within a year of the commission of the offense. The evidence failed to show such former indictment and showed the commission of the offense to be more than a year prior to the finding of the indictment. *Held*, the defendant was entitled to his discharge.

*Appeal from the Mercer Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*H. J. & H. J. Alley, Douglas,* and *Ormsby* for appellant.

The record and abstract of record gives all the testimony introduced in the cause, and there was no proof of any kind that defendant was ever indicted prior thereto, or that any indictment against him had been quashed, set aside, or reversed, or that there ever was a prior indictment against defendant, or that there was then or at any time any indictment pending against the defendant in said court, and from the record and proof it could not be ascertained that any indictment had been preferred against him.

GILL, J.—Defendant was indicted, tried and found guilty of selling intoxicating liquors to certain parties and permitting the same to be drunk on his premises.

The indictment charged, and the proof showed, that the offense was committed in August, 1894, and nearly two years prior to the institution of this prosecution. The prosecution was barred after the expiration of one year from the commission of the offense. Section 4000, R. S. 1889. To save the case from the statutory bar the indictment charged that a former indictment had been found within the year and that it was still pending at the finding of this indictment. The state offered evidence tending to prove the commission of the offense as charged in August, 1894, but introduced no proof whatever that any previous indictment had been found.

Under this state of facts the defendant was entitled to his discharge and the court should have so instructed the jury. The case as made showed that the defendant was being prosecuted for an offense, other than a felony, which had been committed more than a year prior to the institution of said prosecution, and

there was nothing shown that would save the same from the bar of the statute. The burden was on the state to establish such facts as would arrest the running of the statute.

The judgment will be reversed and cause remanded. All concur.